*E-FILED - 9/30/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD FRAZIER, | ) | No. C 09-3975 RMW (PR) |
| | ) | |
| | ) | ORDER TO SHOW CAUSE |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ROBERT K. WONG, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a state parolee proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2007 decision by the Board of Parole Hearings ("Board"). Petitioner has paid the filing fee. The court orders respondents to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, on July 26, 1979, petitioner was sentenced for convictions of first degree murder with use of a firearm, attempted robbery, and conspiracy to commit robbery. On May 22, 2007, petitioner appeared before the Board, which found petitioner ineligible for parole. Petitioner filed a state habeas petition in superior court which denied the petition on July 29, 2008. Petitioner filed a state habeas petition in the California Court of Appeal which denied the petition on October 22, 2008. Petitioner filed a state habeas petition in the California

1  Supreme Court which denied the petition on July 8, 2009.  Petitioner thereafter filed the instant
2  petition on August 27, 2009.

## DISCUSSION

**A.      Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.      Petitioner's Claims**

As grounds for federal habeas relief petitioner claims that there was insufficient evidence to find him unsuitable for parole.[1]  Liberally construed, petitioner's allegations are sufficient to require a response.  The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1.      The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3.      Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the

---

[1] The court concludes that although petitioner set forth two grounds for relief, they can be subsumed into one.

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.09\Frazier975oscparole.wpd      2

underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __9/29/09_____        *Ronald M. Whyte*
                                  _____
                                  RONALD M. WHYTE
                                  United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.09\Frazier975oscparole.wpd     3