***E-FILED - 3/3/11***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD FRAZIER, | ) | No. C 09-3975 RMW (PR) |
| Petitioner, | ) | |
| vs. | ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| ROBERT K. WONG, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2007 decision by the California Board of Parole Hearings ("Board") finding him unsuitable for parole. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities and exhibits. Petitioner then filed a traverse. For the reasons set forth below, the petition for a writ of habeas corpus is DENIED.

**BACKGROUND**

In 1979, petitioner was sentenced to 7-years to life after being convicted of first degree murder with use of a firearm, attempted robbery, and conspiracy to commit robbery. (Petition at 2.) In 2007, petitioner appeared before the Board, which found him unsuitable for parole. Petitioner filed unsuccessful state habeas petitions in all three levels of state court, challenging

the denial of his parole. Petitioner thereafter filed the instant petition.

**DISCUSSION**

A. <u>Standard of Review</u>

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, <u>Williams (Terry) v. Taylor</u>, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

B. <u>Analysis</u>

Petitioner claims that his right to due process was violated because the evidence was insufficient to support the decision denying his suitability for parole.[1]

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U. S. 1, 7 (1979). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication -- and federal courts will review the application of those constitutionally required procedures." <u>Swarthout v. Cooke</u>, No. 10-333, 2011 WL 197627, *2 (U.S. January 24, 2011) (per curiam). The procedures required are "minimal." <u>Id.</u> A prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why." <u>Id.</u>

In the instant matter, petitioner received at least the required amount of process. The

---

[1] Petitioner raised two allegations in his federal petition, however, in its September 30, 2009 order to show cause, this court subsumed both the claims into one. (Docket No. 2.)

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Frazier975hcparole.wpd      2

1  record shows that he was allowed to speak at his parole hearing and to contest the evidence
2  against him (Pet. Ex. A at 6-7, 104-05), and that he was notified as to the reasons parole was
3  denied (<u>id.</u> at 7-9, 106-16).  Having found that petitioner received these procedural requirements,
4  this court's inquiry is at an end.  <u>Cooke</u>, 2011 WL 197627, at *3.  Petitioner's claim that the
5  Board's decision was insufficient to support a denial of parole fails to state a cognizable claim
6  for federal habeas relief.  <u>See</u> <u>id.</u>

## CONCLUSION

The petition for a writ of habeas corpus is DENIED.  Moreover, petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 3/2/11

RONALD M. WHYTE
United States District Judge